In re Robert Houston WILLIAMS,
Sr., Debtor.

Bankruptcy No. 392–06268.

United States Bankruptcy Court,
M.D. Tennessee.

Sept. 22, 1993.

Charles M. Friedman, Louisville, KY, for
Stovall of Nashville, Inc., a creditor of Robert Houston Williams, Sr.

Joseph L. Lackey, Jr., Nashville, TN, for
Joseph L. Lackey, Jr., movant.

FINDINGS OF FACT AND CONCLU-
SIONS OF LAW DENYING MOTION
FOR PAYMENT OF ADMINISTRA-
TIVE EXPENSES

GEORGE C. PAINE, II, Chief Judge.

Joseph L. Lackey, Jr. moves this Court pursuant to § 503(b)(1)(A) for payment of attorney's fees as an administrative expense in the Chapter 7 petition of the debtor, Robert Houston Williams, Sr., f/d/b/a Bordeaux Ace Hardware. Mr. Lackey represented William K. Jenkins in the prepetition purchase of Bordeaux Ace Hardware from the debtor. Mr. Lackey conducted the sale pursuant to Tennessee bulk sales law. Upon discovering the several creditors of the debtor, Mr. Lackey on May 19, 1992 filed an interpleader action in Davidson County Chancery Court and turned the sales proceeds over to the court.

The debtor filed Chapter 7 on July 20, 1992. On February 19, 1993, this Court issued an order for the turnover of the sale proceeds held by the Chancery Court to the trustee. Mr. Lackey claims that his services provided in the prepetition sale of the debtor's business have preserved the estate to the benefit of all the creditors. Mr. Lackey, therefore, moves the court to consider his attorney's fees to be administrative expenses under § 503(b) and thus a priority claim under § 507(a)(1).

In a Chapter 7 case, the property of the estate is to be distributed first in payment of priority claims in the order in which they are listed in § 507(a). 11 U.S.C. § 726(a)(1). § 507(a) sets out eight levels of priority claims and assigns the highest priority to administrative expense claims allowed under § 503(b). § 503(b) establishes two general types of administrative expense claims of issue in this case. First, § 503(b)(1)(A) provides that administrative expense claims shall include "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after commencement of the case." Second, § 503(b)(2) includes in the administrative expense category "compensation and reimbursement awarded under § 330(a)."

Under § 503(b)(1)(A), two conditions must be met for a claim to qualify as an administrative expense. First, the expense must be for services rendered in "preserving the estate." 11 U.S.C. § 503(b)(1)(A). Under § 541(a), the estate is created only after a petition has been filed. Thus, to preserve the estate, an expense would have to be postpetition. As a general rule, the claim must arise "from a *postpetition transaction* with the debtor estate rather than a prepetition transaction with the debtor." *In re Hemingway Transport, Inc.,* 954 F.2d 1, 5 (1st Cir.1992) (emphasis added). *Accord In re United Trucking Serv., Inc.,* 851 F.2d 159, 161–162 (6th Cir.1988); *In re White Motor Corp.,* 831 F.2d 106, 110 (6th Cir.1987).

Mr. Lackey's attorney's fees arose solely from services performed in connection with the bulk transfer of the debtor's business to Mr. Lackey's client, Jenkins. According to statements made in Mr. Lackey's motion for payment of administrative expenses and affidavit of expenses, this transfer was a prepetition transaction with the debtor. The court thus finds that Mr. Lackey's attorney's fees do not arise from a postpetition transaction with the debtor's estate.

The second condition of a § 503(b)(1)(A) administrative expense provides that the expense be the "actual, necessary costs and expenses" of preserving the estate. To be an "actual" and "necessary" expense of preserving the estate, the expense must directly and substantially benefit the estate. *Hemingway Transport,* 954 F.2d at 5. *Accord United Trucking,* 851 F.2d at 161–162; *White Motor,* 831 F.2d at 110. Services that indirectly, incidentally, or tangentially benefit the estate do not qualify for the administrative expense priority. *Hemingway Transport,* 954 F.2d at 5. *Accord United Trucking,* 851 F.2d at 161–162; *White Motor,* 831 F.2d at 110.

Mr. Lackey's services were performed solely for the purpose of facilitating his client's purchase of the debtor's business under Tennessee bulk sales law. Consequently, any services rendered were incidentally and tangentially related to preserving the estate. Accordingly, the court finds that Mr. Lackey's attorney's fees are not "actual, nec-

essary costs and expenses" of preserving the estate under § 503(b)(1)(A). Since the above two conditions are not met, the court finds that Mr. Lackey's attorney's fees do not qualify as an administrative expense priority claim defined under § 503(b)(1)(A).

▮ Under § 503(b)(2), expenses awarded under § 330(a) are also considered administrative expenses due priority under § 507(a)(1). § 330(a) provides for the compensation of services "to a trustee, to an examiner, to a professional person employed under § 327 or 1103 of this title, or to the debtor's attorney." The attorney of a pre-petition purchaser of the debtor's business is not a party for whom § 330(a) provides compensation. Mr. Lackey represents Jenkins in the transaction, not Williams, the debtor. Accordingly, the court finds that Mr. Lackey has no claim for an administrative expense priority under § 503(b)(2).

For the foregoing reasons, the court denies Mr. Lackey's motion to award attorney's fees as an administrative expense under § 503(b).

Since the motion before the court concerns whether Mr. Lackey's claim is an administrative expense under § 503(b), it is beyond the scope of this opinion to determine whether the claim is payable as an allowed claim from a creditor under §§ 501(a) and 502. Moreover, no Proof of Claim was been filed noting Mr. Lackey as a creditor of the debtor's estate. Fed.R.Bankr.Proc. 3002 sets a time limit of 90 days from the date of the initial meeting of creditors within which to file a Proof of Claim. In fact, an issue exists as to whether Mr. Lackey is even a "creditor" defined under § 101(10). Consequently, the court declines to determine at this time whether Mr. Lackey is entitled to distribution from the estate as a creditor.

IT IS SO ORDERED.

### ORDER

In accordance with the findings of fact and conclusions of law filed contemporaneously herewith, the motion of Joseph L. Lackey,

Jr. for payment of administrative expenses is DENIED.

IT IS THEREFORE SO ORDERED.